**LOCAL FORM FOR A CHAPTER 13 PLAN UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 3015.1 AND ADMINISTRATIVE ORDER NO. 17-04**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION**

**IN RE:**

**Timothy Jason Herzog**
S.S. # **xxx-xx-2971**
 **Debtor**

and

**Carrie Ann Herzog**
S.S. # **xxx-xx-8049**
 **Joint-Debtor**

Debtor(s) /

CASE NO.:
CHAPTER 13
JUDGE:

---

**PLAN SUMMARY**

*For informational purposes only.*

| | | |
|---|---|---|
| ACP: | **36** | Months |
| Minimum Plan Length: | **36** | Months |
| Plan payment: | **$329.93** | per Month |
| Minimum dividend to Class 9 Creditors | | **$0.00** |
| Percentage of Tax Refunds committed | | **100%** |

---

**CHAPTER 13 PLAN**

☑ Original  *OR*  ☐ Pre-Confirmation Modification # _____

**I. NOTICES**

**TO CREDITORS: YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. THIS PLAN MAY BE CONFIRMED AND BECOME BINDING WITHOUT FURTHER NOTICE OR HEARING UNLESS A TIMELY WRITTEN OBJECTION IS FILED. READ THIS DOCUMENT CAREFULLY AND CONSIDER SEEKING THE ADVICE OF AN ATTORNEY.**

| Debtors must check one box on each line to state whether or not the Plan includes each of the following items. | | |
|---|---|---|
| **A. Nonstandard Provisions set out in Section IV.** Under Federal Rule of Bankruptcy Procedure 3015(c), a "nonstandard provision" means a provision that is not otherwise included in the approved form for a Chapter 13 Plan in the Eastern District of Michigan. | ☑ Included | ☐ Not Included |
| **B. A limit on the amount of a secured claim based on a valuation of the collateral for the claim.** | ☐ Included | ☑ Not Included |
| **C. Avoidance of a security interest or lien.** | ☐ Included | ☑ Not Included |
| • **IF AN ITEM IS CHECKED AS "NOT INCLUDED" OR IF BOTH BOXES ARE CHECKED, THE PROVISION IS VOID EVEN IF OTHERWISE INCLUDED IN THE PLAN.** | | |
| • **ANY "NONSTANDARD PROVISION" THAT IS NOT SPECIFICALLY IDENTIFIED IN SECTION IV IS VOID.** | | |
| • **IF THIS SECTION I INDICATES THAT THIS PLAN DOES NOT INCLUDE ANY "NONSTANDARD PROVISIONS", ANY "NONSTANDARD PROVISIONS" IN THIS PLAN (INCLUDING ANY OTHERWISE SPECIFICALLY LISTED IN SECTION IV) ARE VOID.** | | |

**THIS PLAN IS SUBJECT TO AND INCORPORATES BY REFERENCE THE ADDITIONAL STANDARD PROVISIONS WHICH MAY BE FOUND AT WWW.13EDM.COM OR WWW.MIEB.USCOURTS.GOV OR FROM DEBTOR'S COUNSEL UPON WRITTEN REQUEST.**

| Chapter 13 Plan | Case No: |
|---|---|
| | Debtor(s): **Timothy Jason Herzog** |
| | **Carrie Ann Herzog** |

**II. APPLICABLE COMMITMENT PERIOD; PLAN PAYMENTS; PLAN LENGTH; EFFECTIVE DATE AND ELIGIBILITY FOR DISCHARGE:**

**A.** ☐ Debtor's Current Monthly Income exceeds the applicable State median income. Debtor's Applicable Commitment Period is 60 months. Debtor's Plan Length shall be 60 months from the date of entry of the Order Confirming Plan.

☑ Debtor's Current Monthly Income is less than or equal to the applicable State median income. Debtor's Applicable Commitment Period is 36 months. Debtor's Plan Length shall be **36** months from the date of entry of the Order Confirming Plan. THIS IS A MINIMUM PLAN LENGTH. If the Plan has not been completed in the minimum Plan length, the Plan length shall be extended as necessary for completion of the requirements of the Plan; provided that in no event with the Plan term continue beyond 60 months from the date of entry of the Order Confirming Plan. *See Paragraph J of the Additional Terms, Conditions and Provisions for additional information regarding Completion of Plan.*

If neither or both of the above boxes is checked, the Applicable Commitment Period and the Plan Length shall be 60 months from the date of entry of the Order Confirming Plan.

**B.** Debtor's plan payment amount is **$329.93** per month.

**C.** Future Tax Refunds. *See Paragraph A of the Additional Terms, Conditions and Provisions for additional information regarding Tax Refunds and Tax Returns.*

---

**FOR CASES ASSIGNED TO BAY CITY DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*

1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, debtor is not required to remit any future Tax Refunds.

2. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and debtor's Schedule I DOES NOT include a pro-ration for anticipated Tax Refunds. Debtor will remit 50% of all Federal and State Tax Refunds that debtor receives or is entitled to receive after commencement of the case.

3. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and debtor's Schedule I INCLUDES a pro-ration for anticipated Federal Tax Refunds. Debtor will remit 100% of all Federal and State Tax Refunds that debtor receives or is entitled to receive after commencement of the case to the extent the Refund exceeds the sum of twelve times the amount of the Federal and State Tax Refund pro-ration shown in Schedule I.

---

**FOR CASES ASSIGNED TO DETROIT DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*

1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, debtor is not required to remit any future Tax Refunds.

2. ☑ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and debtor's Schedule I DOES NOT include a pro-ration for anticipated Tax Refunds. Debtor will remit 100% of all Federal Tax Refunds that debtor receives or is entitled to receive after commencement of the case.

3. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and debtor's Schedule I INCLUDES a pro-ration for anticipated Federal Tax Refunds. Debtor will remit 100% of all Federal Tax Refunds that debtor receives or is entitled to receive after commencement of the case to the extent the Refund exceeds the sum of twelve times the amount of the Federal Tax Refund pro-ration shown in Schedule I.

---

> **FOR CASES ASSIGNED TO FLINT DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*
>
> 1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, debtor is not required to remit any future Tax Refunds.
>
> 2. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and debtor's Schedule I DOES NOT include a pro-ration for anticipated Tax Refunds. Debtor will remit 100% of all Federal Tax Refunds that debtor receives or is entitled to receive after commencement of the case.
>
> 3. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and debtor's Schedule I INCLUDES a pro-ration for anticipated Federal Tax Refunds. Debtor is not required to remit Federal Tax Refunds in excess of the amount of the proration shown on Schedule I.

**D.** ☐ If the box to the immediate left is "checked", the debtor acknowledges that debtor IS NOT eligible for a discharge pursuant to 11 USC §1328.

☐ If the box to the immediate left is "checked", the joint debtor acknowledges that joint debtor IS NOT eligible for a discharge pursuant to 11 USC §1328.

**E.** ☐ If the box to the immediate left is "checked", the debtor or joint debtor is self-employed AND incurs trade credit in the production of income from such employment. Debtor shall comply with the requirements of Title 11, United States Code, and all applicable Local Bankruptcy Rules regarding operation of the business and duties imposed upon the debtor.

**III. DESIGNATION AND TREATMENT OF CLASSES OF CLAIMS:** *See Paragraph F of the Additional Terms, Conditions and Provisions for additional information regarding the order in which claims are to be paid.*

**A. CLASS ONE - TRUSTEE FEES** as determined by statute.

**B. CLASS TWO - ADMINISTRATIVE CLAIMS, INCLUDING ATTORNEYS FEES AND COSTS:**

1. **PRE-CONFIRMATION ATTORNEY FEES:** At confirmation of the Plan, Counsel shall elect to either:

    a. In lieu of filing a separate fee application pursuant to 11 USC §327 and §330, accept the sum of **$3,500.00** for services rendered plus **$0.00** for costs advanced by Counsel, for total Attorney Fees and Costs of **$3,500.00** through the Effective Date of the Plan. The total Attorney Fees and Costs less the sum of **$0.00** paid to Counsel prior to the commencement of this case as reflected in the Rule 2016(b) Statement leaving a net balance due of **$3,500.00**, will be paid as an Administrative Expense Claim; OR

    b. Request an award of compensation for services rendered and recovery of costs advanced by filing a separate Application for Compensation for services rendered up through the date of entry of the Order Confirming Plan pursuant to 11 USC §327 and §330. If Counsel elects to file a fee application pursuant to this sub-paragraph, the Trustee shall escrow _____ for this purpose. *See Paragraph B of the Additional Terms, Conditions and Provisions for additional information.*

2. **POST-CONFIRMATION ATTORNEY FEES:** *See Paragraph D of the Additional Terms, Conditions and Provisions for additional information.*

3. **RETENTION OF OTHER PROFESSIONALS FOR POST-PETITION SERVICES:** Debtor ☐ has retained or ☐ intends to retain the services of _____ (name of person to be retained) as _____ (capacity or purpose for retention) to perform professional services post-petition with fees and expenses of the professional to be paid as an Administrative Expense. *See Paragraph C of the Additional Terms, Conditions and Provisions for additional information.*

| Chapter 13 Plan | Case No: |
| --- | --- |
| | Debtor(s): **Timothy Jason Herzog** |
| | **Carrie Ann Herzog** |

    **4. OTHER ADMINISTRATIVE EXPENSE CLAIMS:** Any administrative expense claims approved by Order of Court pursuant to 11 USC §503 shall be paid as a Class Two administrative claim. *See Paragraph E of the Additional Terms, Conditions and Provisions for additional information.*

**C. CLASS THREE - SECURED CLAIMS TO BE STRIPPED OR AVOIDED FROM THE COLLATERAL AND TREATED AS UNSECURED CLAIMS TO BE PAID BY TRUSTEE.** *See Paragraph G and Paragraph N of the Additional Terms, Conditions and Provisions for additional information.*

  **Class 3.1   Liens to be Stripped.  11 USC §506(a).**

| Creditor | Collateral |
| --- | --- |
| | |

  **Class 3.2   Judicial Liens and Non-Possessory, Non-Purchase Money Liens to be Avoided.  11 USC §522(f).**

| Creditor | Collateral |
| --- | --- |
| | |

**D. CLASS FOUR - SECURED CLAIMS ON WHICH THE LAST CONTRACTUAL PAYMENT IS DUE BEYOND THE LENGTH OF THE PLAN.  11 USC §1322(b)(5).**

  **Class 4.1   Continuing Payments on a claim secured by the debtor's principal residence that come due on and after the date of the Order for Relief.** *(See Paragraph P, Paragraph L and Paragraph EE of the Additional Terms, Conditions and Provisions for additional information).*

| Creditor / Collateral | Monthly Payment | Direct or Via Trustee |
| --- | --- | --- |
| **Pnc Mortgage**<br>1095 Shetland Dr. South Lyon, MI 48178 | $75.30 | Direct |
| **Select Portfolio Servicing**<br>1095 Shetland Dr. South Lyon, MI 48178 | $1,514.52 | Direct |
| **Trotter's Pointe Homeowners Association**<br>1095 Shetland Dr. South Lyon, MI 48178 | $25.00 | Direct |

  **Class 4.2   Pre-Petition Arrearages on a claim secured by the debtor's principal residence to be paid by Trustee: Those amounts which were due as of the filing of the Order for Relief:**

| Creditor / Collateral | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From Confirmation Date |
| --- | --- | --- | --- |
| | | | |

  **Class 4.3   Continuing Payments other than on a claim secured by the debtor's principal residence that come due on and after the date of the Order for Relief.** *(See Paragraph P, Paragraph L and Paragraph EE of the Additional Terms, Conditions and Provisions for additional information).*

| Creditor / Collateral | Monthly Payment | Direct or Via Trustee |
| --- | --- | --- |
| | | |

  **Class 4.4   Pre-Petition Arrearages other than on a claim secured by the debtor's principal residence to be paid by Trustee: Those amounts which were due as of the filing of the Order for Relief:**

| Creditor / Collateral | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From Confirmation Date |
| --- | --- | --- | --- |
| | | | |

**E. CLASS FIVE - SECURED CLAIMS ON WHICH THE LAST PAYMENT WILL BECOME DUE WITHIN THE PLAN DURATION. 11 USC §1322(c)(2).** *(See Paragraph H, Paragraph L, Paragraph O and Paragraph S of the Additional Terms, Conditions and Provisions for additional information).*

**Class 5.1. Secured Claims not excluded from 11 USC §506 to be paid Equal Monthly Payments. 11 USC §1325(a)(5)(B):**

| Creditor/Collateral | Indicate if "crammed" *** or modified | Interest rate (Present Value Rate) | Total to be paid including interest | Monthly Payment | Direct or Via Trustee |
| --- | --- | --- | --- | --- | --- |
| **Credit Union One** **2008 Buick Lucerne (approx. 126,000 miles)** | | **3.35%** | **$4,689.00** | **$177.37** | **Direct** |

*** See Debtor's Schedule A/B for more information about values.

**Class 5.2. Secured Claims not excluded from 11 USC §506 NOT to be paid Equal Monthly Payments. 11 USC 1325(a)(5)(B):**

| Creditor/Collateral | Indicate if "crammed" *** or modified | Interest rate (Present Value Rate) | Total to be paid including interest | Estimated Average Monthly Payment | Direct or Via Trustee |
| --- | --- | --- | --- | --- | --- |
| | | | | | |

*** See Debtor's Schedule A/B for more information about values.

**Class 5.3. Secured claims excluded from 11 USC §506 by the "hanging paragraph" at the end of 11 USC §1325(a)(9) to be paid "Equal Monthly Payments". 11 USC §1325(a)(5)(B).**

| Creditor/Collateral | Indicate if modified | Interest rate (Present Value Rate) | Total to be paid Including interest | Monthly Payment | Direct or Via Trustee |
| --- | --- | --- | --- | --- | --- |
| | | | | | |

**Class 5.4. Secured claims excluded from 11 USC §506 by the "hanging paragraph" at the end of 11 USC §1325(a)(9) NOT to be paid Equal Monthly Payments. 11 USC §1325(a)(5)(B).**

| Creditor/Collateral | Indicate if modified | Interest rate (Present Value Rate) | Total to be paid including interest | Estimated Average Monthly Payment | Direct or Via Trustee |
| --- | --- | --- | --- | --- | --- |
| | | | | | |

**Class 5.5 Surrender of collateral.** *(See Paragraph P of the Additional Terms, Conditions and Provisions for additional information).*

The debtor surrenders debtor's interest in the following collateral. Any allowed unsecured claim remaining after disposition of the collateral will be treated as a Class 9 General Unsecured Creditor.

| Creditor Name | Description of Collateral |
| --- | --- |
| | |

| Chapter 13 Plan | Case No: |
|---|---|
| | Debtor(s): **Timothy Jason Herzog** |
| | **Carrie Ann Herzog** |

**F. CLASS SIX - EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES. 11 USC §§365, 1322(b)(7):** - Debtor assumes the executory contracts and unexpired leases listed in subparagraph 1. *(See Paragraph K of the Additional Terms, Conditions and Provisions for additional information).*

**Class 6.1. Continuing Lease/Contract Payments:**

| Creditor / Property | Monthly Payment | Lease/Contract expiration date | Direct or Via Trustee |
|---|---|---|---|
| **Gm Financial** **Vehicle Lease for 2018 Chevrolet Traverse** | **$371.10** | **3/30/2021** | **Direct** |

**Class 6.2. Pre-petition Arrearages on Assumed Executory Contracts and Leases** *(to be paid by Trustee)*:

| Creditor / Property | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From Confirmation Date |
|---|---|---|---|

**Class 6.3.** Debtor rejects the executory contracts and unexpired leases listed in this subparagraph 3. Any unexpired lease or executory contract that is neither expressly assumed in Class 6.1 above or expressly rejected below shall be deemed rejected as of the date of confirmation of debtor's chapter 13 Plan to the same extent as if that unexpired lease or executory contract was listed below. *(See Paragraph K of the Additional Terms, Conditions and Provisions for additional information)*:

| Creditor | Property |
|---|---|

**G. CLASS SEVEN - PRIORITY UNSECURED CLAIMS. 11 USC §§507, 1322(a)(2).**

**Class 7.1. Domestic Support Obligations: Continuing Payments that come due on and after the date of the Order for Relief:**

| Creditor | Monthly Payment | Direct or Via Trustee |
|---|---|---|

**Class 7.2. Domestic Support Obligations: Pre-Petition Arrearages due as of the filing of the Order for Relief:**

| Creditor | Arrears Amount | Estimated Average Monthly Payment | Direct or Via Trustee |
|---|---|---|---|

**Class 7.3. All Other Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]**

| Creditor | Amount | Direct or Via Trustee |
|---|---|---|
| **INTERNAL REVENUE SERVICE** | **$3,632.00** | **Via Trustee** |
| **Michigan Department of Treasury** | **$2,504.00** | **Via Trustee** |

**H. CLASS EIGHT - SEPARATELY CLASSIFIED UNSECURED CLAIMS. 11 USC §1322(b)(1):** *(To be paid by Trustee)*: *(See Paragraph M of the Additional Terms, Conditions and Provisions for additional information)*:

| Creditor / Reason for Special Treatment | Amount | Interest Rate |
|---|---|---|

| Chapter 13 Plan | Case No: |
|---|---|
| | Debtor(s): **Timothy Jason Herzog** |
| | **Carrie Ann Herzog** |

I. **CLASS NINE - GENERAL UNSECURED CLAIMS** *(to be paid by Trustee): - See Paragraph N of the Additional Terms, Conditions and Provisions for additional information.*

☑ This Plan shall provide a total sum for distribution to creditors holding Class 9 General Unsecured claims in an amount that is not less than the Amount Available in Chapter 7 shown on Attachment 1, Liquidation Analysis and Statement of Value of Encumbered Property (the "Unsecured Base Amount"). This Plan shall provide either (i) the Unsecured Base Amount; or (ii) will continue for the full Plan Length as indicated in Paragraph II.A of this Plan, whichever yields the greater payment to Class 9 Unsecured Creditors. *See Attachment 2, Chapter 13 Model Worksheet, Line 8, for additional information concerning funds estimated to be available for payment to Class 9 Unsecured Creditors.*

☐ This Plan shall provide a dividend to holders of Class 9 General Unsecured Creditors equal to 100% of allowed claims.

If neither box is checked or if both boxes are checked, then the plan shall pay the Unsecured Base Amount.

☐ if the box to the immediate left is "checked", creditors holding claims in Class Seven, Eight and Nine shall receive interest on their allowed claims at the rate of _____% per annum as required by 11 USC §1325(a)(4).

IV. **Nonstandard Plan Provisions:**

- **ANY "NONSTANDARD PROVISION" THAT IS NOT BOTH INCLUDED IN SECTION 1.A AND SPECIFICALLY STATED IN THIS SECTION IS VOID.**

A. **D. POST-CONFIRMATION ATTORNEY FEES & COSTS BY SEP APP**
The second sentence of provision D in the debtor's Chapter 13 Plan is sticken.

B. **F. ORDER OF PAYMENT OF CLAIMS**
Changes are made levels 2,3, & 4 as provided below:
Level 2: Classes 2.1, 2.2, and 2.3
Level 3: Classes 5.1, 5.3, and 6.1
Level 4: 2.4

C. **H. CLASS 5.1, 5.3, & 6.1 CREDITORS TO RECEIVE EMP**
The first paragraph is changed to the paragraph provided below:
Creditors identified in Class 5.1, 5.3 or 6.11 will receive Equal Monthly Payments to thje extent funds are available at the date of each disbursement. If more than one creditor is scheduled in Class 5.1, 5.3 or 6.1 and the funds available in any disbursement are insufficient to pay the full Equal Monthly Payments to all of the listed creditors, payments shall be made on a pro rata basis determined by the ratio of the Equal Monthly Payment specified to each creditor to the total amount of Equal Monthly Payments to all creditors in Class 5.1, Class 5.3, and Class 6.1. The amount of the Equal Monthly Payment to any creditor shall be the amount stated in Class 5.1, Class 5.3 or Class 6.1 as may be applicable.

| Chapter 13 Plan | Case No: |
| --- | --- |
| | Debtor(s): **Timothy Jason Herzog** |
| | **Carrie Ann Herzog** |

**I, _____ Peter A. Behrmann _____, Attorney for debtor (or debtor if not represented by an attorney), certify that this Plan contains no "Nonstandard Provisions" other than those set out in Section IV above.**

| | |
| --- | --- |
| /s/ Peter A. Behrmann | /s/ Timothy Jason Herzog |
| **Peter A. Behrmann** | **Timothy Jason Herzog** |
| *Attorney for Debtor* | *Debtor* |
| **Phoenix Law** | |
| **37699 Six Mile** | /s/ Carrie Ann Herzog |
| **Suite 250** | **Carrie Ann Herzog** |
| **Livonia, MI 48152** | *Joint Debtor* |
| **Email: PeterB@PhoenixFreshStart.com** | |
| **Phone: (734) 779-9999 / Fax: (734) 462-5900** | |
| | 9/25/2018 |
| | Date |

| | | | Case No: | | |
|---|---|---|---|---|---|
| Chapter 13 Plan | | | Debtor(s): | **Timothy Jason Herzog** | |
| | | | | **Carrie Ann Herzog** | |

## ATTACHMENT 1

### LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY:

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| **PERSONAL RESIDENCE** | | | | | |
| **REAL ESTATE OTHER THAN PERSONAL RESIDENCE** | | | | | |
| 1095 Shetland Dr. South Lyon, MI 481 | $311,480.00 | $255,270.00 | $56,210.00 | $47,100.00 | $9,110.00 |
| **HHG/PERSONAL EFFECTS** | | | | | |
| Common Household Goods & Furnis | $5,000.00 | $0.00 | $5,000.00 | $5,000.00 | $0.00 |
| Television(s), DVD/CD Player(s) & VC | $1,000.00 | $0.00 | $1,000.00 | $1,000.00 | $0.00 |
| Fishing Equipment/Golf Clubs/Work | $2,400.00 | $0.00 | $2,400.00 | $2,400.00 | $0.00 |
| H & K Pistol, 30.06 Rifle, .22 Rifle, & 1 | $500.00 | $0.00 | $500.00 | $500.00 | $0.00 |
| Men's Clothing, Accessories, & Shoe | $400.00 | $0.00 | $400.00 | $400.00 | $0.00 |
| Women's Clothing, Accessories, & S | $500.00 | $0.00 | $500.00 | $500.00 | $0.00 |
| **JEWELRY** | | | | | |
| Men's Real & Costume Jewelry | $350.00 | $0.00 | $350.00 | $350.00 | $0.00 |
| Women's Real & Costume Jewelry | $550.00 | $0.00 | $550.00 | $550.00 | $0.00 |
| **CASH/BANK ACCOUNTS** | | | | | |
| Cash on hand | $300.00 | $0.00 | $300.00 | $300.00 | $0.00 |
| Huntington Checking Account | $922.19 | $0.00 | $922.19 | $922.19 | $0.00 |
| Huntington Savings Account | $240.01 | $0.00 | $240.01 | $240.01 | $0.00 |
| PNC Bank Checking Account | $36.00 | $0.00 | $36.00 | $36.00 | $0.00 |
| Fidelity Investments IRA | $99.92 | $0.00 | $99.92 | $99.92 | $0.00 |
| Fidelity Investments IRA | $50.44 | $0.00 | $50.44 | $50.44 | $0.00 |
| **VEHICLES** | | | | | |
| 2018 Chevrolet Traverse (approx. 16, | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2008 Buick Lucerne (approx. 126,000 | $6,250.00 | $4,689.00 | $1,561.00 | $1,561.00 | $0.00 |
| 2002 Cadillac DeVille (approx. 108,00 | $1,000.00 | $0.00 | $1,000.00 | $500.00 | $500.00 |
| **OTHER (itemize)** | | | | | |
| 2 Cats | $2.00 | $0.00 | $2.00 | $2.00 | $0.00 |

| | |
|---|---|
| Amount available upon liquidation | $9,610.00 |
| Less administrative expenses and costs | $31,148.00 |
| Less priority claims | $6,136.00 |
| Amount Available in Chapter 7 | $0.00 |

LOCAL FORM 10-24-17 V 1

| Chapter 13 Plan | Case No: |
| --- | --- |
| | Debtor(s): **Timothy Jason Herzog** |
| | **Carrie Ann Herzog** |

## ATTACHMENT 2

## CHAPTER 13 MODEL WORKSHEET
## LOCAL BANKRUPTCY RULE 3015-1(B)(2) E.D.M.

1. Proposed length of Plan: __36__ months

2. Initial Plan payment:
   __$329.93__ per month x __36__ months = __$11,877.48__ (subtotal)

3. Additional payments: _____ per _____ = __$0.00__ (subtotal)

4. Lump sum payments = __$0.00__ (subtotal)

5. Total to be paid into Plan (total of lines 2 through 4) __$11,877.48__

6. Estimated disbursements other than to Class 9 General Unsecured Creditors

   a. Estimated Trustee Fees __$950.04__

   b. Estimated Attorney Fees and costs through confirmation of Plan __$3,500.00__

   c. Estimated Attorney Fees and costs post-confirmation through duration of Plan __$0.00__

   d. Estimated fees of other Professionals __$0.00__

   e. Total mortgage and other continuing secured debt payments __$0.00__

   f. Total non-continuing secured debt payments (including interest) __$0.00__

   g. Total priority claims __$6,136.00__

   h. Total arrearage claims __$0.00__

7. Total disbursements other than to Class 9 General Unsecured Creditors (Total of lines 6.a through 6.h) __$10,586.04__

8. Funds estimated to be available to Class 9 General Unsecured Creditors (Line 5 minus Line 7) __$1,291.44__

9. Estimated dividend to Class 9 General Unsecured Creditors in Chapter 7 proceeding (see Liquidation Analysis) __$0.00__

**Comments:**

LOCAL FORM 10-24-17 V 1